## MAKING GOOD DEFICIENCY IN STREET ASSESSMENT ARISING FROM CORNER LOT EXEMPTIONS.

Common Pleas Court of Allen County.

D. W. STEINER ET AL v. THE CITY OF LIMA ET AL.

Decided, May, 1909.

*Streets—Assessments for Improvement of—Deficiency Arising from Corner Lot Exemptions—May be Added to the Remaining Assessable Frontage—Jurisdiction and Authority of Council.*

The burden of bearing that portion of the cost of a street improvement not assessable under the law against corner lots rests upon the abutting owners, notwithstanding in the petition for the improvement they only bound themselves to pay an assessment "by the front foot for the number of feet set opposite their names, less two per cent. and the cost of the intersections of public alleys and that portion of corner lots exempted by law and not signed for in this petition."

*James W. Halfhill,* for plaintiff.
*W. L. Rogers,* City Solicitor, contra.

BECKER, J.

D. W. Steiner and others, of the number of six, as plaintiffs, file their petition in this court by which they seek to enjoin the collection of special assessments on property of plaintiffs lying along, adjacent to and fronting on North Elizabeth street, in Lima, Ohio, between West Market street and West North street in said city. The plaintiffs enumerate the respective properties that each own, giving the frontage each has on said North Elizabeth street.

Plaintiffs set forth in their petition that in the month of June, 1907, some of these plaintiffs and others, residents and owners

of lots fronting and abutting on said North Elizabeth street, presented to and filed with the city council of Lima, a petition asking for the improvement of North Elizabeth street from the north line of Market street to the south line of North street in said city, by grading, paving, etc., in short making all such improvements as pertain to a well paved street.

The petition for such improvement is set forth in plaintiffs' petition. The petitioners recited the number of feet frontage each had abutting on said Elizabeth street, and that the city council in accordance with the prayer of the petition passed a resolution for the improvement of said street, three-fourths of the members of council concurring in its passage. A copy of said resolution is set out in plaintiffs' petition. The petition recites that the resolution was approved by the mayor of the city and published as required by law. The petition further recites that on the 18th day of March, 1907, the city council of the city of Lima passed an ordinance for the improvement of said street, under and by virtue of said petition for such improvement and under the jurisdiction taken by said council by virtue of such petition filed by the petitioners requesting such improvement, which ordinance was also approved by the mayor of the city and published according to law; that such proceedings were had that a contract was awarded for the improvement of said street, the improvement completed and accepted by the city, and that thereafter the defendant, the city of Lima, passed an assessing ordinance whereby, in violation of the resolution and ordinance passed by the city council, 286½ feet of actual frontage upon Elizabeth street, being that portion of corner lot frontage exempted by law, was assessed against the remaining frontage on said street, whereby each remaining foot frontage on said street was assessed the added sum of $1.1609. The petition claims that by this means there was placed against the property of D. W. Steiner the sum of $162.51, assessable in accordance with the petition for said improvement; against the property of J. H. Blattenburg, $46.43; against the property of A. C. Baxter, $69.65; against the property of Sol Weisenthal, $58.05; against the property of Francis E. McComb, $58.04, and against the property of Charles H. Crockett, $58.04. The petition recites·

that this assessing ordinance was also duly approved by the mayor and was published as required by law.

Plaintiffs' petition further recites that all such assessments are void, and that the same are so made by the city council of the city of Lima in violation of the terms and conditions of the petition for such improvement, in violation of the resolution declaring the necessity for such improvement between these plaintiffs and the defendant, the city of Lima, and that the city had no jurisdiction to make such added assessments. The petition further recites that the defendant, by its officers, will attempt, unless restrained, to collect such added assessments and invokes the power and authority of this court to restrain defendants from collecting the same.

To this petition the city of Lima, by its solicitor, files a general demurrer and thus raises the legality of such assessments.

There are three purposes that I can see from the filing of the petition with council, asking for improvements: One is to call the attention of council to the necessity for such an improvement, and the other to pave the way for such improvement which could not generally be granted by reason of the conditions which exist and which council could not grant by reason of the hinderance of some special provision of law, and a petition to council waives the respective rights of petitioners to insist on such protection granted them by law, and which without the waiving of such rights the improvement could not be made. The other is to invoke council to grant such improvement which could not be obtained by reason of not being able to gain the assent of three-fourths of the members of the council.

This distinction, however, exists: that where an improvement is made at the request of petitioners, as provided for in Section 1536-223 of the Revised Statutes, that where the owners of a majority of the foot frontage petition therefor, the majority of the council concurring, may proceed with such improvement. The other section (1536-211) provides, that whenever it is deemed necessary by any city or village to make any public improvement, to be paid for in whole or in part by such assessment, council shall declare by resolution, three-fourths of the whole number elected thereto concurring, the necessity of such improvement.

The plaintiffs presented a petition to council as follows:

"We, the undersigned residents and owners of lots fronting and abutting on North Elizabeth street from the north line of Market street to the south line of North street, respectively petition your honorable body to take the necessary steps to improve said portion of said street by curbing, grading and paving the same with good quality of sheet asphalt, block asphalt or petrified paving bricks upon a concrete foundation," etc.

More follows in this petition, but for the present I may stop there and consider what effect this petition had. It was sufficient to invoke the action of council and give it jurisdiction, but it was not essential that the petition be filed at all to confer jurisdiction on council; council had such jurisdiction. Under the provisions of Section 1536-211 council had such jurisdiction, provided three-fourths of the members elect, concurred in the resolution declaring the necessity of such improvement, which council did in this case. The petition for an improvement is without significance if it does not give a city the right to do more than act within strict compliance with the letter of the statute. The sole object of the petition is to avoid and surrender some constitutional or legal limitations. No petition in this case was at all necessary to give council jurisdiction. It probably and possibly served a purpose to call attention to the necessity of such improvement, but when council acted by three-fourths of its members concurring and declaring for such improvement, it had the entire jurisdiction of the subject-matter and could proceed in the way pointed out by the statutes, without any implied reservation on the part of petitioners. It had complete jurisdiction of the subject-matter and all that it was expected to do or could be required to do was to follow the statutes and the laws pertaining thereto. *Joseph Jessing* v. *The City of Columbus et al*, 1st Circuit Court, 90.

Council had not only jurisdiction of the subject-matter by virtue of Section 1536-211, but it had jurisdiction conferred upon it by the petitioners themselves under Section 1536-222.

It is true that the petitioners conclude their petition to council as follows:

"And we hereby consent that our property may be assessed by the foot front for the number of feet set opposite our names hereto, less two per cent. and the costs of the intersection of public alleys, and that portion of corner lots excepted by law, not signed for in this petition."

So far as said exceptions pertain to the costs of the intersections and the two per cent. this is already provided for by law and it is wholly surplusage and useless to make this exception in this petition; such part of the costs of this improvement could not have been taxed against petitioners, had the petition remained silent on the subject; but has their consent any bearing or does it limit the council in the making of just such an assessment as petitioners have signified by their consent they will be satisfied with? Could these petitioners, by withholding their consent, throw an additional burden upon the city itself? Certainly they could not. And could these petitioners, if council had jurisdiction by either section of the statute, by reason of the general provisions of law, and by reason of having invoked the authority and power of council, throw an additional burden upon the city, other than that expressly imposed upon the city by law, by withholding any assent on their part? A council having general jurisdiction and also express jurisdiction conferred upon it by these petitioners, petitioners can only resist such assessments as council are unauthorized to make within the limitations of law.

Plaintiffs, in their petition, seem to resist this assessment on the ground that when this petition was presented and council acted upon it, that it constituted a contract between petitioners and the city. We do not think so, but think and believe that such petitioners were bound by every act and step council thereafter chose to take in compliance with law governing the question of improvements. Having once invoked the action of council they were bound to take notice of every step taken in furtherance of such improvement, but actual notice is presumed in the absence of a denial of such notice. The law will presume regularity and that every step was complied with as required by law. Having had full knowledge and notice of the resolution adopted, of the ordinance

adopted, would they not now be estopped from insisting on what they did not expressly consent to, excepting as to all matters in which council acted beyond its power and authority expressly granted them by law? See *Steiner et al v. City of Cincinnati,* 4th Circuit Court, 280.

On page 282 the court says:

"We think these petitioners who signed this petition and had notice of what council proposed should be assessed against the property, should be estopped.

"They are not estopped by reason of the fact that they signed the petition; they had the right to assume that council would act according to law and that would be that the assessment would not be in excess of 25 per cent. of the value of the property as assessed for taxation; but it further appeared in evidence that these property owners when notified previous to the time that the city had obligated itself by contract to build this improvement, that the assessment was to be by the foot front on the abutting property and was to be nearly $9 per foot, they had the right to enjoin any further proceedings. Council had exceeded its powers, and no court would have denied them a remedy, but they without objection permitted council to go on and contract to make the improvement, fully knowing that council expected to assess them that amount. It is too late now for them to ask for an injunction."

This certainly is a strong holding, as applies to the doctrine of estoppel, much stronger than it is necessary to apply, the doctrine in this case to work an estoppel against plaintiffs.

In *Fry* v. *The City of Findlay et al,* 7 Circuit Court, 326, the court says:

"The plaintiff signed the petition for improvements and both were active in seeing that they were completed; both had knowledge and notice of the mode and manner of the assessment and made no objection; we know of no law, where the improvement is to be assessed by the foot front, that notice is required."

*Tone* v. *Columbus,* 39 O. S., 281, syllabus third:

"Active participation in causing the improvement to be made will stop the party engaged therein from denying the validity of the assessment, but to create an estoppel from silence merely

it must be shown that the owners had knowledge, first, that the improvement was being made; second, that it was intended to assess the costs thereof, or some part of it, upon his property; third, that the infirmity or defect in the proceedings existed which he is to be estopped from asserting.''

Now, let us see what the resolution of council provided for. In the third paragraph of such resolution it is provided as follows:

''That the whole costs and expenses of said improvement, except one fiftieth part thereof and except the costs of intersections, shall be assessed by the foot front upon all the lots and lands bound and abutting on said street and improvement by the foot front from the north line of Market street to the south line of North street, all of which lots and lands are hereby determined to be especially benefited by said improvement.''

That was sufficient notice at all events to these petitioners that the costs, except two per cent. and intersections, must be borne by these property owners on this street. The exact assessment was not given it is true, but it does state it to be by the foot front. The foot front has received a well defined meaning and construction under the statutes of Ohio, and the petitioners were as well bound as to the meaning of these provisions as council. The doctrine as to such assessments for corner lots is well settled. *Chamberlin* v. *Cleveland*, 34 O. S., 551; *Norwood* v. *Baker*, 172 United States, 269; *French* v. *Barber Asphalt Company*, 181 United States, 324; *Crawford* v. *Cincinnati*, 26 B., 215, and in the well known Haviland case.

There is a contradiction in the language and meaning of the petition of these petitioners; they ask for this improvement; they except the costs of two per cent. and intersections, and yet they knew or ought to have known then that they could not compel or expect the city to pay any more and have their improvement made. What then was implied? That if an improvement was made they must pay for it. They surrendered nothing and took on themselves no additional burden by having this improvement made other than the law placed upon them. See also *Thornton* v. *City of Cincinnati*, 4 C. C.—N. S., 31.

Now, this council having jurisdiction of the matter both by general provision and by that conferred by petitioners, there were three modes of making assessments under Section 1536-210: first, by percentage of the tax value of the property assessed; second, in proportion to the benefits which may result from the improvement; third, by the foot frontage upon the improvement. This placed the sole power and authority in the council as to the improvement, manner of improvement and assessment.

Counsel for plaintiffs say that if council wanted to change the corner lot exemptions against the lot owners or other lot owners on this street, council should have resorted to one or the other of the first two methods of assessment, either in proportion to the benefit or by a percentage of the tax value, but how would either of these methods relieve the situation, if as the petition claims, when council acted on the petition presented by the petitioners, the same became in effect a contract between plaintiffs and the defendant city. In either event the burden of bearing their portion of the improvement as to these corner lots not assessable under the law, would fall upon them. If council has jurisdiction they can not be deprived of chosing the method of assessment, and they chose the foot frontage plan. I can not see why this plan is not just as equitable as either of the other two plans, and why should the city be compelled to come to the rescue of these property holders to help them bear their burden; why should any other citizen in any other part of the city be compelled to help them bear this burden. True, we all have an interest in seeing improvements made and the city beautified, but when the city bears two per cent. of the costs of the improvement and the costs of intersection, have they not imposed a burden upon all the citizens of Lima sufficiently so as far as such interest is concerned? Only those adjacent property holders have a direct interest in the improvement, and it is not unjust to say that they and they alone shall bear this expense; they can not, even under their petition, dictate the manner of assessment for an improvement after once having invoked council to act and clothed them with jurisdiction even though council had not otherwise jurisdiction.

Council then, I think, had full power to adopt this plan of assessment, even though they could not assess certain parts of corner lots exempt from assessment and have the right to take into consideration and read into the statute these exemptions and consider the foot frontage as actually assessable by law, which they did in this case.

The demurrer to the petition will therefore be sustained.